**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KAREN JACKSON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-642-GKF-PJC |
| ) | |
| CINGULAR WIRELESS EMPLOYEE ) | |
| SERVICES, L.L.C., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is the Motion for Summary Judgment filed by defendant Cingular Wireless Employee Services, LLC ("Cingular") [Dkt. No. 24]. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995).

Cingular asserts five propositions: that Cingular is entitled to summary judgment on plaintiff Karen Jackson's ("Jackson's") age and gender claims based on the January 2003 postings; that Cingular is entitled to summary judgment on Jackson's age and gender claims based on the August 2003 and December 2003 postings; that Cingular is entitled to summary judgment on Jackson's ADA claim; that Cingular is entitled to summary judgment on Jackson's FMLA claim; and that Jackson cannot establish a constructive discharge claim.

I.      Age and Gender Claims Based on the January 2003 Posting

Title VII and ADEA require a litgant to file a claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the employer's alleged discriminatory conduct. *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). Incidents such as failure to promote are discrete incidents that are easy to identify. Each incident of discrimination constitutes a separate actionable "unlawful employment practice." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Only those incidents that occurred 300 days before Jackson filed her charge are actionable. Jackson was notified on April 18, 2003 that she did not meet the eligibility requirements for the Leader Intern Program. Giving Jackson every benefit by construing her EEOC Intake Questionnaire as a "charge" of discrimination, Jackson did not file her charge until May 21, 2004 (399 days later). Jackson's Title VII and ADEA claims relating to the alleged failure to promote in January 2003 are outside of the 300-day window and are thus time-barred.

II.  Age and Gender Claims Based on the August and December 2003 Postings

To establish a prima facie case of failure to be promoted on the basis of gender discrimination under Title VII, a plaintiff must show, among other things, that an individual outside the protected class filled the position after plaintiff was rejected. *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1510 (10th Cir. 1997) (citing *Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1469 (10th Cir. 1992)). It is undisputed that Cingular selected a female employee for one of the two positions posted in August 2003, and that Cingular selected female employees for two of the five positions posted in December 2003. Jackson has not established a *prima facie* case of gender discrimination. Cingular is entitled to summary judgment on Jackson's Title VII gender discrimination claims arising out of the August and December 2003 failures to promote.

In addition, Jackson has not made a sufficient showing that Cingular's stated reason for its non-selection of Jackson in the August and December 2003 postings – that the selected candidates were considered more qualified – was a pretext for discrimination. As Jackson has not met her burden to present evidence that the selection decisions were pretextual, Cingular is entitled to summary judgment in its favor on Jackson's age and gender claims based on the August and December 2003 postings.

III.   August and December 2003 ADA Claims

To prevail on an ADA discrimination claim, a plaintiff must establish that she is a disabled person as defined by the ADA. The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Jackson does not claim she is "substantially limited" or that she has a record of such an impairment, but rather that Cingular perceived her as being disabled. *See* Response Brief, page 23. In order to establish a disability under the "regarded as" prong of the ADA with respect to the major life activity of working, an individual must show that "the employer regarded him or her as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes." *Steele v. Thiokol Corp.*, 241 F.3d 1248, 1256 (10th Cir. 2001) (citing *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 904 (10th Cir. 1997), *aff'd*, 527 U.S. 471 (1999)). Jackson's proffered evidence that Cingular regarded her as being "substantially limited" is her allegation of a conversation with manager Turk in which Turk told Jackson that Jackson wasn't emotionally strong enough for leadership and that Turk could not have her managers taking thirty days off every time the going got tough. Such generalized statements, however, do not support the conclusion that management

misperceived Jackson as being substantially limited in a major life activity or as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes.. *Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 499 (10th Cir. 2000).  Cingular's Motion for Summary Judgement is granted as to Jackson's ADA claims.

IV.     FMLA Retaliation and Interference Claims

Upon review of the evidentiary materials submitted by the parties, it appears that Jackson has established a *prima facie* FMLA retaliation claim and that Jackson has raised a genuine issue of material fact as to pretext in connection with that claim.  Cingular's Motion for Summary Judgment is therefore denied as to Jackson's FMLA retaliation claims arising out of the August and December 2003 failures to promote.  Cingular's Motion for Summary Judgment is granted as to Jackson's FMLA interference claims, as Jackson has conceded the motion in this limited respect in footnote 4 of her response brief.

V.      Constructive Discharge

To survive a motion for summary judgment on a constructive discharge claim, a plaintiff must show that she had no other choice but to quit.  A plaintiff must show that, at the time of her resignation, her employer did not allow her the opportunity to make a free choice regarding her employment relationship.    *Baca v. Sklar*, 398 F.3d 1210, 1216-17 (10th Cir. 2005).  When examining a constructive discharge claim, a court disregards both the employee's subjective view of the workplace environment and the employer's subjective intentions regarding the employee. *Id.* If an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged. *Id.* at 1216, *citing Jeffries v. Kansas*, 147 F.3d 1220, 1233 (10th Cir. 1998).

Jackson remained on the job for four months after being notified of her non-selection for the December 2003 posting, and she tendered her resignation only after receiving a job offer from a new employer. Jackson's stated reasons for resigning were higher pay and a management opportunity with the new employer. Cingular approached Jackson after her resignation in an attempt to retain her, but was unsuccessful. Jackson does not assert that she was given an ultimatum to "quit or be fired." She received favorable evaluations throughout her employment.

The court concludes that, in view of the facts presented in connection with the motion for summary judgment, no reasonable jury could find in favor of Jackson on her constructive discharge claim. Jackson has not shown that she had no other choice but to quit. Cingular's Motion for Summary Judgment as to the constructive discharge claim is granted.

WHEREFORE, the Motion for Summary Judgment filed by defendant Cingular Wireless Employee Services, L.L.C. is granted in part and denied in part.

IT IS SO ORDERED this 13th day of March, 2007.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma